# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NO. 06cv1481 JM/ 05cr1011 |
|---|---|
| Plaintiff/Respondent, | **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255** |
| vs. | |
| MARVIN ESTUARDO RODAS-JACOME | |
| Defendant/Petitioner. | |

Pending before the court is defendant/petitioner Marvin Estuardo Rodas-Jacome's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner, proceeding pro se, contends his sentence should be reduced by two points because he received ineffective assistance of counsel during sentencing, in violation of his Sixth Amendment rights. The government opposes the motion. After considering the parties' papers and the authorities cited therein, the court hereby **DENIES** the motion for the following reasons.

## I.    BACKGROUND

On July 13, 2005, Petitioner, pursuant to a written plea agreement, pleaded guilty to one count of importation of a controlled substance in violation of 21 U.S.C. §§ 952, 960. See Oppo., Ex. 4 (copy of plea agreement). The plea agreement provided that the crime to which Petitioner had pled guilty carried a mandatory minimum sentence of ten years. Id. at 4. The plea agreement further provided,

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory

1         mandatory minimum term, if applicable) recommended by the Government
2         pursuant to this agreement at the time of sentencing.

3 Id. at 11. The plea agreement bears Petitioner's signature and indicates that it was read in Spanish to

4 Petitioner by a federally certified interpreter. Id. at 13.

5       During the plea colloquy, Petitioner indicated that he understood he was giving up his right

6 to appeal and that he otherwise understood the plea agreement in its entirety. Id., Ex. 6 at 4-6, 13.

7 The court found that Petitioner had entered into the plea agreement voluntarily and intelligently. Id.,

8 Ex. 6 at 14. At sentencing, the court accepted the plea agreement, finding that Petitioner had

9 discussed it with counsel, understood its terms in their entirety, and that Petitioner's guilty plea was

10 knowingly, intelligently, and voluntarily made. Id., Ex. 7 at 2. The government then recommended

11 a custodial sentence of forty-one months. Id. at 10. Taking into account Petitioner's lack of criminal

12 history, the court ultimately sentenced Petitioner to thirty-seven months in prison, which was at the

13 low end of the applicable sentencing range of thirty-seven to forty-six months. Oppo., Ex. 7 at 14-15,

14 Ex. 8 (copy of judgment).

15       On July 24, 2006, Petitioner filed the present motion. Petitioner now argues that his sentence

16 should be reduced by two points because his counsel "failed to argue that Defendant's ineligibility for

17 minimum security confinement, drug program, and pre-release custody as a result of his status as a

18 deportable alien constituted significant mitigating factors that should have been considered by the

19 sentencing court." Mot. at 1. This failure, according to Petitioner, deprived Petitioner of his right to

20 effective assistance of counsel under the Sixth Amendment and Strickland v. Washington, 466 U.S.

21 668, 686 (1984). Petitioner also argues that his sentence violates the Equal Protection Clause because

22 the failure to depart downward based on his status as a deportable alien creates unconstitutional

23 disparities in the sentences imposed on aliens versus non-aliens.

24       In response, the government contends that Petitioner waived his right to bring this motion

25 pursuant to the plea agreement. In the alternative, the government argues that Petitioner has not

26 shown that a downward departure is warranted since his counsel acted reasonably under the Strickland

27 standard and that even if his counsel acted unreasonably, Petitioner suffered no prejudice as a result.

28 Finally, according to the government, Petitioner has waived his Equal Protection Clause challenge by

1  failing to raise it on direct appeal, and that in any event the sentencing distinctions here between aliens
2  and non-aliens has a rational basis and is therefore constitutionally permissible.

**II.    DISCUSSION**

Section 2255 provides in relevant part,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

§ 2255.

**A.    Waiver**

A defendant may waive his statutory right to challenge a conviction under § 2255. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); see United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) ("A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly."). Such a waiver does not, however, foreclose Petitioner from arguing that he received ineffective assistance of counsel in connection with entering into the plea agreement itself, or that his waiver was otherwise involuntary. See Abarca, 985 F.2d at 1014.

In this case, the court did not sentence Petitioner to a term higher than the guideline range or greater than the mandatory minimum. Therefore, the plea agreement controls and Petitioner has waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence[.]" Oppo., Ex. 4 at 11. Although § 2255 is not mentioned specifically in the plea agreement, see Pruitt, 32 F.3d at 433, the language of the plea agreement clearly embraces a waiver of any collateral attack on Petitioner's sentence, which includes motions brought under § 2255. Cf. United States v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) (finding that defendant had waived his statutory right to appeal incorrect application of the Sentencing Guidelines even though this right was not specifically mentioned in the plea agreement; to find otherwise "would render the waiver

/ / /
/ / /
/ / /

1  meaningless."). Furthermore, Petitioner makes no argument, nor does the record suggest, that he

2  waived his § 2255 rights involuntarily.[1] Accordingly, the present motion must be denied.[2]

### B. Ineffective Assistance of Counsel

Even if Petitioner had not waived his right to bring the present motion, the motion would still be denied on its merits. To establish a claim of ineffective assistance of counsel, Petitioner must show that (1) his "counsel's representation fell below an objective standard of reasonableness" and (2) that "such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Thomas v. United States, 27 F.3d 321, 325 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Petitioner argues that his counsel acted unreasonably by failing to raise deportability as a mitigating factor at sentencing and that this error caused Petitioner prejudice in the form of a longer sentence. Mot. at 5. The court need not reach the issue of unreasonably deficient performance because Petitioner cannot show any prejudice. Counsel's failure to negotiate a better plea agreement is not enough to satisfy the prejudice requirement of Strickland. See Hill v. Lockhard, 474 U.S. 52 (1985); Weaver v. Palmateer, 455 F.3d 958, 967 (9th Cir. 2006); Craker v. McCotter, 805 F.2d 538, 542 (5th Cir. 1986); Fields v. Attorney General of Maryland, 956 F.2d 1290, 1297 (4th Cir. 1992). Rather, the issue is whether but for counsel's deficient performance, Petitioner would not have accepted the plea agreement. Hill, 474 U.S. at 58-59; Weaver, 455 F.3d at 967. As to this issue Petitioner makes no arguments and therefore the court is without any basis for granting the motion. In addition, since the court had discretion to grant a downward departure under the circumstances

---

[1] Rather, Petitioner during the plea colloquy indicated that he was satisfied with his counsel's performance. Oppo., Ex. 6 at 4-5.

[2] Although the Ninth Circuit has expressed "doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain", Pruitt, 32 F.3d at 433, such a situation is not presented in this case. By the present motion Petitioner challenges his counsel's handling of sentencing proceedings–by failing to argue a particular mitigating circumstance–and not the manner in which counsel induced Petitioner into pleading guilty or accepting the government's plea bargain. Therefore, the present motion remains waived. See id.

presented, but was not *required* to do so, Petitioner has not shown that he has been deprived of an automatic departure. In sum, Petitioner cannot show prejudice resulting from his counsel's failure to raise the deportable alien status issue at sentencing.

One last point is worth mentioning. The government argues under that authority of Koon v. United States, 518 U.S. 81 (1996), and United States v. Martinez-Ramos, 184 F.3d 1055, 1058 (9th Cir. 1999), that Petitioner was per se ineligible for a downward departure based on his status as a deportable alien because that status did not take his cause out of the "heartland" and was already factored into the Sentencing Guidelines. Oppo. at 8. This argument misstates Koon and Martinez-Ramos and is contrary to United States v. Charry Cubillos, 91 F.3d 1342 (9th Cir. 1996). Martinez-Ramos held that in sentencing for the crime of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326, "deportable status may not be a ground for downward departure from the applicable guideline range for aliens who are deportable" because the defendant's deportable status was already factored into the sentencing guidelines for that particular crime. By contrast, and as acknowledged in Martinez-Ramos, Cubillos held that the guidelines do not already take into account the defendant's deportable status in connection with the drug statutes, and therefore downward departures in those kinds of cases, such as the present one at bar, are permissible so long as the defendant's deportable status takes the case out of the "heartland" contemplated by the Sentencing Commission. Cubillos, 91 F.3d at 1344; Martinez-Ramos, 184 F.3d at 1057 (" In both Charry Cubillos and [United States v. Davoudi, 172 F.3d 1130 (9th Cir.1999)], the defendant sought downward departure because his status as a deportable alien made him ineligible for community or home confinement, and minimum security imprisonment. In each case we acknowledged that the district court has legal discretion to depart downward because of the defendant's status as a deportable alien."). Therefore, the government's argument lacks merit.

**C.     Equal Protection**

Finally, Petitioner argues that the Bureau of Prisons' ("BOP") policy of denying certain benefits to alien prisoners, benefits which are otherwise available to non-alien prisoners, result in disparate sentences in violation of the Equal Protection Clause because alien prisoners are not able to obtain good time credits for participation in rehabilitation programs. Putting aside whether this

1 argument has been waived for failure to raise it on direct appeal, an appeal which was bargained away
2 by Petitioner, it is unclear whether the argument raises a free-standing Equal Protection claim
3 challenging the manner in which the BOP has executed Petitioner's sentence, or whether the argument
4 challenges the legality of Petitioner's sentence on Equal Protection grounds. To the extent Petitioner
5 raises a free-standing Equal Protection claim, he must file a petition under 28 U.S.C. § 2241; the
6 present motion filed pursuant to § 2255 is not proper. See Hernandez v. Campbell, 204 F.3d 861, 864
7 (9th Cir. 2000) (per curiam). The court notes, however, that Petitioner has waived his right to
8 collaterally attack his conviction.

9       To the extent Petitioner is challenging the legality of his sentence, he must show that the
10 BOP's policy of denying rehabilitation services to alien prisoners is wholly irrational. Hernandez-
11 Mezquita v. Ashcroft, 293 F.3d 1161, 1163-64 (9th Cir. 2002). Since the purpose of rehabilitating
12 prisoners is to prepare them for reentry into the community, and since this purpose does not apply to
13 alien prisoners who will be deported from the United States upon completion of their sentences, the
14 court finds that the BOP's policy is not wholly irrational. See Lizarraga-Lopez v. United States, 89
15 F. Supp. 2d 1166, 1169-70 (S.D. Cal. 2000) (Gonzalez, J., presiding) (concluding, in dicta, that
16 "legitimate policy interests and Congress's plenary power over alien affairs" justify, against an Equal
17 Protection challenge, a government policy forbidding deportable alien prisoners from participating
18 in rehabilitation programs); cf. United States v. Restrepo, 999 F.2d 640, 645 (2d Cir. 1993) (holding
19 that Bureau's policy of denying prisoner reassignment to a minimum-security facility on the basis of
20 alienage is permissible under The Sentencing Reform Act since deportable alien prisoners, upon
21 release from prison, are not to be released back into community but to the custody of the Attorney
22 General).
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**III.    CONCLUSION**

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence pursuant to § 2255 is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 24, 2007

Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties